**UNITED STATES**

v.

**Airman First Class Mark S. TYHURST, FR 550–73–5666, United States Air Force.**

**ACM 26944 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 April 1988.

Decided 21 Dec. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain William E. Boyle.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni, Major Kathryn I. Taylor and Captain David G. Nix.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

PER CURIAM:

In *United States v. Reichenbach*, 29 M.J. 128 (C.M.A.1989), the Court of Military Appeals clarified the manner in which military authorities might prosecute so-called "designer" or "boutique" drugs. In light of the guidance contained in *Reichenbach*, the Court of Military Appeals, 29 M.J. 324, has returned the present case to us.[1] Essentially, the higher court concluded in its review of this appellant's case that: (a) we were correct in dismissing Specification 2 of the Additional Charge (use of so-called ECSTASY); but (b) we erred in completely dismissing Specification 1 of the Additional Charge (distribution of that substance) under Article 112a, UCMJ, 10 U.S.C. § 912a, since a conviction nonetheless could be affirmed under Article 134, 10 U.S.C. § 934.

Accordingly, our decision was reversed as to Specification 1 and the dismissal of that specification was set aside. The Additional Charge was modified to reflect a violation of Article 134, UCMJ. The findings of guilty of Specification 1 of the Additional Charge and the Additional Charge, as modified, were reinstated.

1. Our original decision in *United States v. Tyhurst* appears at 28 M.J. 671 (A.F.C.M.R.1989).

We will now further review the case in light of such reinstated offense. In their original brief, appellate counsel cited no further matters to be resolved as to this offense; nor have we discovered any. Thus, we will approve the findings of guilty as to this offense.[2]

As we noted during our original assessment, Airman First Class Tyhurst's record is marred by his use of illegal substances on numerous occasions. In our original decision, we dismissed offenses of wrongful *use* of ECSTASY (correctly, it turned out) and wrongful *distribution* of ECSTASY (wrongly, it turned out). We now have before us on sentence assessment a palette of all the criminal activity involving illegal substances originally before us, plus the reinstated distribution of ECSTASY offense as a violation of Article 134.

In our original decision, we found appellant's use of illegal substances excluding distribution of ECSTASY to merit no sentence relief. Now that we *include* distribution of ECSTASY within his record of criminal conduct, we likewise see no reason to grant sentence relief. Independently weighing the record of the accused in light of *Reichenbach,* we find the sentence nonetheless appropriate.

The findings of guilty of Specification 1 of the Additional Charge and the Additional Charge are affirmed. In view of this affirmance and considering our earlier affirmance of the other offenses of which the appellant was found guilty, we find the sentence appropriate. The findings of guilty, as modified, and the sentence are correct in fact and law and, upon the basis of the entire record, are

AFFIRMED.

---

**2.** Airman First Class Tyhurst was found guilty in accordance with his pleas of various drug-related offenses which involved cocaine, methamphetamine, marijuana, and lysergic acid diethylamide. In addition, he offered a conditional guilty plea as to the use and distribution of N–Hydroxy–3, 4–methylenedioxy amphetamine. This substance was characterized at trial by the street name of ECSTASY—although we were advised that "true ECSTASY" is another designer drug, 3,4–methylenedioxy amphetamine.